**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Kentrell Alexander

 v.              Case No. 16-cv-400-LM

K. Lewis, Hollaway McDaniel,
Christine Perrault, and the
United States of America


**REPORT AND RECOMMENDATION**

In a case that has been transferred from the District of Massachusetts, pro se plaintiff Kentrell Alexander is suing four defendants under several different theories, asserting claims that arise from medical treatment he received while he was incarcerated in the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"). Before this magistrate judge for a report and recommendation is a motion to dismiss filed by all four defendants. Plaintiff objects. For the reasons that follow, defendants' motion to dismiss should be granted in part and denied in part.

## Background

The facts in this section are drawn from plaintiff's complaint. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71

(1st Cir. 2014).

When Alexander was transferred into FCI-Berlin, he was suffering from stomach pain, joint pain and weakness, and blood in his stool. At FCI-Berlin, he was: (1) given a hemmocoult test in May of 2013; (2) sent to the hospital for a rectal examination and blood work in July; (3) given a colonoscopy, an endoscopic biopsy, and a prescription for sulfasalazine in August; and (4) rushed to the hospital in September and given a variety of diagnostic tests. During Alexander's hospital visit in September, a doctor told him that the diagnosis resulting from his August colonoscopy was erroneous and that the sulfasalazine he had been taking had killed off all of his body's germ-fighting bacteria. During that same visit, emergency room personnel told Alexander and FCI-Berlin nurse practitioner Kans Lewis to discontinue sulfasalazine, and Alexander was given a prescription for Flagyl. Back at the prison, Alexander was given Nidazole rather than Flagyl.

As for the individual defendants in this case, plaintiff alleges that: (1) FCI-Berlin nurse Christine Perrault failed to properly diagnose his condition after his colonoscopy, and failed to provide him with the proper medication thereafter; (2) Lewis gave him a misdiagnosis of Crohn's disease after his

colonoscopy, failed to provide him with the proper medication thereafter, and was told by one or more health-care providers at the hospital to discontinue sulfasalazine; and (3) FCI-Berlin's Dr. Holloway McDaniel lied to him about the results of his colonoscopy and/or his endoscopic biopsy.

Based upon the foregoing, Alexander originally sued six defendants, two of whom were dismissed for lack of personal jurisdiction, before the case was transferred to this district. While plaintiff's complaint is not as clear as it might be, the crux of his claims appears to be that the three individual defendants misdiagnosed his condition after his colonoscopy, erred by giving him sulfasalazine in the first instance, and erred by giving him Nidazole after he had been given a prescription for Flagyl at the hospital.  Plaintiff is pursuing his claims by means: (1) 42 U.S.C. § 1983; (2) the doctrine that draws its name from Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); and (3) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  More specifically, and construing Alexander's pro se complaint liberally, as it must, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), the court identifies the following claims: (1) claims against Lewis, McDaniel, and Perrault, asserted

through 42 U.S.C. § 1983, charging those three defendants with violating Alexander's rights under the Fifth and Eighth Amendments to the U.S. Constitution; (2) Bivens claims against Lewis, McDaniel, and Perrault for violating Alexander's rights under the Fifth and Eighth Amendments; and (3) an FTCA claim against the United States for medical negligence committed by Lewis, McDaniel, and Perrault.

## Discussion

Defendants move to dismiss plaintiff's complaint. They make separate arguments regarding each of his three theories of recovery, and also argue that Lewis, as a commissioned officer of the United States Public Health Service, has statutory immunity from suit. In this section, the court considers each of plaintiff's three causes of action in turn.[1]

**A.   Plaintiff's § 1983 Claims**

To the extent that plaintiff is pursuing claims by means of 42 U.S.C. § 1983, defendants are entitled to dismissal.

It is well established that "[t]o plead a viable section

---

[1] Because an immunity analysis would require the consideration of materials outside the complaint, and because all of plaintiff's claims against Lewis should be dismissed on the merits, the court declines to address the issue of immunity.

1983 claim, a complaint must allege action under color of state law." McCloskey v. Mueller, 446 F.3d 262, 271 (2006) (citing Redondo-Borges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005); Rogan v. City of Bos., 267 F.3d 24, 27 (1st Cir. 2001)). For that reason, "a section 1983 claim ordinarily will not lie against a federal actor." McCloskey, 446 F.3d at 271 (citing D.C. v. Carter, 409 U.S. 418, 424-25 (1973); Redondo-Borges, 421 F.3d at 6).

Even when the court construes Alexander's complaint liberally, see Erickson, 551 U.S. at 94, it cannot discern any basis for § 1983 liability against Lewis, McDaniel, or Perrault; nowhere does Alexander come close to alleging that any of those three defendants was a state actor or otherwise acting under color of state law. Moreover, given Alexander's incarceration in a federal correctional facility, there is no basis for reasonably inferring the state action necessary to state a § 1983 claim. Accordingly, to the extent that Alexander asserts claims through the vehicle of 42 U.S.C. § 1983, those claims should be dismissed.

**B. Plaintiff's Bivens Claims**

While § 1983 provides no basis for bringing claims against Lewis, McDaniel, and Perrault, there remains the possibility of

5

a Bivens action. "A Bivens action is a civil action brought against agents of the United States . . . . 'This implied cause of action is the federal analog to § 1983 suits against state officials.'" Hernandez-Cuevas v. Taylor, 836 F.3d 116, 118 n.1 (1st Cir. 2016) (quoting Hernandez-Cuevas v. Taylor, 723 F.3d 91, 93 n.1 (1st Cir. 2013); citing Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)). Thus, in a Bivens action, "federal courts may address claims asserting violations of the United States Constitution by federal actors when they are brought against individual officers." Paret-Ruiz v. United States, 827 F.3d 167, 177 n.17 (1st Cir. 2016) (citing Bivens, 403 U.S. at 388)). In his complaint, Alexander asserts his Bivens claims this way: "I have since exhausted all B.O.P. Remedies . . . [and] bring this 'cause of action', for violation of my constitutional rights (5th and 8th Amends)." Compl. (doc. no. 1) 3.

    1.  Plaintiff's Fifth Amendment Claims

Plaintiff's complaint says nothing about his Fifth Amendment claims beyond the parenthetical reference quoted above. And, while plaintiff did discuss his Eighth Amendment claims in his objection to defendants' motion to dismiss, his objection says nothing about his Fifth Amendment claims.

Defendants argue that plaintiff's Fifth Amendment Bivens claims should be dismissed because: (1) plaintiff does not make factual allegations in support of those claims that satisfy Rule 8(a) of the Federal Rules of Civil Procedure ("Federal Rules"); (2) there is no Fifth Amendment Bivens action applicable to the facts of this case, and plaintiff has provided no basis for recognizing a new Bivens action; and (3) plaintiff has failed to identify specific conduct by specific defendants. As noted, plaintiff's objection does not address defendants' arguments. In any event, their second argument is persuasive, and dispositive.

In Davis v. Passman, the Supreme Court held that violations of the equal protection component of the Fifth Amendment's due process clause could be addressed in a Bivens action. See 442 U.S. 228, 248-49 (1979). Here, however, even when construed most liberally, see Erickson, 551 U.S. at 94, Alexander's complaint alleges no facts that come anywhere close to supporting a legal claim of the sort the plaintiff made in Davis. The court is aware of no other component of the Fifth Amendment that has been held to support a Bivens claim and, for his part, plaintiff does not identify any Fifth Amendment right that was violated by defendants' conduct. Accordingly, to the

7

extent that Alexander asserts Fifth Amendment Bivens claims, those claims should be dismissed.

    2.  Plaintiff's Eighth Amendment Claims

Plaintiff's Eighth Amendment Bivens claims are better developed than his Fifth Amendment claims. He asserts that the medical care he received while he was an FCI-Berlin inmate amounted to cruel and unusual punishment in violation of the Eighth Amendment. Defendants argue that plaintiff's Eighth Amendment Bivens claims should be dismissed because: (1) they were not pled in compliance with Rule 8(a) of the Federal Rules; (2) the conduct plaintiff alleges falls short of violating the Eighth Amendment; and (3) plaintiff has failed to adequately allege specific conduct by specific defendants. Even if plaintiff's complaint does satisfy Rule 8(a), and even if the court presumes that Lewis, McDaniel, and Perrault are each fully liable for all the conduct alleged as the basis of plaintiff's Eighth Amendment Bivens claims, defendants' second argument entitles them to dismissal of those claims.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. "Prison officials . . . violate [that] prohibition . . . when they exhibit 'deliberate indifference' to a detainee's serious medical needs." Perry v. Roy, 782 F.3d 73,

78 (1st Cir. 2015) (quoting Feeney v. Corr. Med. Servs., 464 F.3d 158, 163 (1st Cir. 2006); citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Here, the court assumes that plaintiff has adequately alleged a serious medical need. He has not, however, made allegations that satisfy the "subjective prong [of an Eighth Amendment claim which] mandates a showing of prison administrators' deliberate indifference to [the detainee's serious medical] need." Perry, 782 F.3d at 78 (quoting Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014)).

Deliberate indifference is a "culpable state of mind," Perry, 782 F.3d at 78 (quoting Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011)), proof of which requires "evidence that the absence or inadequacy of treatment is intentional," id. at 78 (citation omitted). "The typical example of a case of [deliberate] indifference would be one in which treatment is denied 'in order to punish the inmate.'" Id. at 79 (quoting Watson v. Caton, 985 F.2d 537, 540 (1st Cir. 1993)). "[D]eliberate indifference may also reside in 'wanton' decisions to deny or delay care." Watson, 984 F.2d at 540 (quoting Wilson v. Seitler, 501 U.S. 294, 302 (1992)). On the other hand:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and

9

wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at 105-06; see also Perry, 782 F.3d at 79.

Here, Alexander does not allege that Lewis, McDaniel, or Perrault ever denied or delayed his medical care. Indeed, his complaint includes allegations that his health problems were addressed in a relatively timely manner. Rather, his Eighth Amendment claim rests upon allegations that he was misdiagnosed after his colonoscopy and that he suffered various deleterious side effects induced by sulfasalazine and Nidazole. While plaintiff argues in his objection to defendants' motion to dismiss that the facts he alleges "are evidence that the defendants were acting 'maliciously and sadistically to cause physical harm,'" doc. no. 51, at 3, his complaint alleges no such facts, and alleges no facts from which an intent to harm him could reasonably be inferred. Even when the complaint is construed liberally, see Erickson, 551 U.S. at 94, and all reasonable inferences are drawn in plaintiff's favor, see Foley, 772 F.3d at 68, his Eighth Amendment claim amounts to nothing more than a claim for medical negligence. Medical negligence,

10

however, is not enough to establish an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06. Accordingly, plaintiff's Eighth Amendment Bivens claims should be dismissed.

## C. Plaintiff's FTCA Claim

Plaintiff's final claim is that the United States is liable to him, under the FTCA, for medical negligence committed by Lewis, McDaniel, and Perrault. Defendants argue that plaintiff's FTCA claim should be dismissed because he does not assert that claim in compliance with Rule 8(a) and, as a consequence, has failed to state a claim upon which relief can be granted under the FTCA.

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley, 772 F.3d at 71 (citation and internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[a] suit will be dismissed if the complaint does not set forth 'factual

11

allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008); citing Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6, 1st Cir. 2005)).

Plaintiff's claim under the FTCA is that United States is liable to him because Lewis, McDaniel, and Perrault negligently diagnosed his condition and negligently treated him by prescribing sulfasalazine and Nidazole. Under New Hampshire law, a "plaintiff [asserting a negligence claim] has the 'burden to prove facts upon which the law imposes a duty of care, breach of that duty, and so-called proximate causation of harm.'" Yager v. Clauson, 169 N.H. 1, 5 (2016) (quoting N. Bay Council, Inc. v. Bruckner, 131 N.H. 538, 542 (1989)).

While plaintiff's complaint does not recite the elements of negligence, or explicitly match facts to elements, the court must construe the complaint liberally, see Erickson, 551 U.S. at 94, and apply the plaintiff-friendly Rule 12(b)(6) standard. When viewing the complaint through those two lenses, the court cannot say that plaintiff has failed to state a claim upon which

relief can be granted when he alleges that medical professionals misdiagnosed his condition and thereafter prescribed medication that had various painful side effects. In other words, plaintiff's complaint is reasonably construed as alleging that Lewis, McDaniel, and Perrault had a duty to adhere to the applicable standards of care when diagnosing and treating him, that they breached those duties, and that by so doing, they caused him injury. Accordingly, as to plaintiff's FTCA claim, defendants' motion to dismiss should be denied.

## Conclusion

For the reasons described above, defendants' motion to dismiss, document no. 48, should be granted as to plaintiff's § 1983 claims and his Bivens claims, but should be denied as to his FTCA claim.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

May 12, 2017

cc: Kentrell Alexander, pro se
    T. David Plourde, Esq.